

FILED

SEP 30 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1    **UNITED STATES BANKRUPTCY COURT**

2    **EASTERN DISTRICT OF CALIFORNIA**

3    **SACRAMENTO DIVISION**

4    In re:                          )
                                     )
5                                    )    Case No. 06-24971-B-7
                                     )
6    BRUCE SEYMOUR,                  )    Chapter 7
                                     )
7                                    )    DCN HSM-21
                 Debtor.             )
8                                    )    Date:  September 28, 2010
                                     )    Time:  9:32 a.m.
9                                    )    Place: Courtroom 32
                                     )           Sixth Floor
10                                   )           U.S. Courthouse
                                     )           501 I Street
11   _____)           Sacramento, CA 95814

12                        **MEMORANDUM DECISION**

13

14        This objection to claim came on for final hearing on September 28,

15   2010, at 9:32 a.m.  Appearances are noted on the record.  At the hearing

16   on this objection both the chapter 7 trustee and the claimant appeared

17   and requested that the court decide the matter solely on the basis of the

18   legal arguments and evidence submitted in the moving papers, the written

19   opposition thereto, and the written reply in support of the objection.

20   The court took the matter under submission.  The following constitutes

21   the court's findings of fact and conclusions of law, pursuant to Federal

22   Rule of Bankruptcy Procedure 7052.

23                            **DECISION**

24        The opposition of claimant Firdos Sheikh ("Sheikh") is sustained in

25   part.  Sheikh's evidentiary objections to the declaration of Bill George

26   are sustained.  The objection is overruled.

27   //

28   //

**BACKGROUND**

By this objection to claim Susan K. Smith, Chapter 7 trustee in the above-captioned bankruptcy case, seeks complete disallowance of claim number 86 on the court's claims register, filed by Sheikh in the unsecured amount of $687,126.56 (the "Claim"). The foregoing amount is divided into two components, both based on damages. Sheikh claims $362,726.56 in breach of contract damages based on the debtor's breach of a written purchase agreement (the "Agreement") for the purchase and development of real property located at Creek Center Court, Sacramento, California (the "Property"). As Sheikh contends in the Claim, the Agreement was executed by Sheikh and Bruce Seymour Investment Properties, LLC ("Seymour LLC"), but Seymour LLC is not a registered California LLC and was instead a fictitious entity.

A copy of the Agreement is attached to the Claim as Exhibit "B." Paragraph 3.1 of the Agreement states that the purchase price to be paid by Sheikh to Seymour LLC for the purchase of the Property was $1,745,000.00. Paragraph 3.1(a) states that the cash down payment for the purchase price was to be $270,000.00. Paragraph 26 ("Additional Provisions") further states that the price was to be comprised of $1,345,000.00 for the "shell building" to be constructed on the Property and a $400,000.00 "allowance" for tenant improvements. Paragraph 26 also states that the $270,000.00 down payment would be applied to the purchase of the land; this amount apparently represented fifty percent of the purchase price attributable to the land because Paragraph 26 goes on to state that the "remaining land price of $270,000.00" would be paid by Sheikh when Sheikh's loan for the remainder of the purchase price funds, i.e. the remaining $270,000.00 for the purchase of the land would be paid out of loan funds obtained by Sheikh for construction of the building on

the Property and improvements thereto.  Paragraph 26 states that at the time of the initial deposit, Seymour LLC was to deliver "fee title" to Sheikh.

Provisions relating to Sheikh taking title to the Property pursuant to an existing deed of trust securing another obligation are stricken from the Agreement as not applicable (see Paragraph 3(c)(stricken)). Paragraph 9.1(k) of the Agreement governs disclosure of loan documents relating to existing encumbrances on the Property in the event that Paragraph 3.1(c) is not stricken.  Paragraph 10 of the Agreement contemplates the delivery of certain items by Sheikh and by Seymour LLC through escrow in order to close the transaction.  Paragraph 17.1 of the Agreement states that the Agreement supersedes any and all prior agreements between Sheikh and Seymour LLC regarding the Property.

In a calculation of the amount of the indebtedness underlying the Claim, Sheikh asserts that Seymour LLC and the debtor are one and the same entity. i.e. that Seymour LLC was an alter ego of the debtor.  She also asserts that the debtor breached the Agreement by transferring only a half interest in the Property to Sheikh upon payment of the $270,000.00 "down payment," when in fact she was entitled to a conveyance of full title.  Sheikh also alleges that the debtor breached the Agreement by transferring title to the Property to Sheikh subject to an existing encumbrance in favor of Spartan Home Loans ("Spartan"), which encumbrance secured a loan in the amount of $316,500.00.  Sheikh alleges that the debtor obtained the loan from Spartan at or around the time that Sheikh executed the Agreement.  Sheikh also alleges that the debtor breached the Agreement by not using escrow in connection with the transaction.

The Claim also asserts $324,400.00 in fraud damages.  The claim for fraud is based primarily on Sheikh's calculation of lost profits in the

- 3 -

amount of $310,000.00 and out-of-pocket expenses based on fraud described
in the Claim.  According to the Claim, the debtor misrepresented to
Sheikh that he would sell the Property to Sheikh free and clear of all
liens and that the transaction would take place through escrow, when in
fact the debtor had overencumbered the Property and did not place the
$270,000.00 in cash that Sheikh gave to him into escrow.  Sheikh also
asserts in the Claim that the debtor's fraudulent intent is evidenced by
the fact that he executed the Agreement on behalf of a fictitious entity
and that he failed to return the $270,000.00 purchase price for the
Property when he could not convey title to Sheikh free and clear.  Sheikh
asserts that as a result of the alleged fraud, she suffered $310,000.00
in lost profits after Spartan foreclosed and purchased the Property at a
foreclosure sale, and that she suffered an additional $14,400.00 in
damages for payment of property taxes on the Property and on the
obligation owned by Spartan in an ultimately unsuccessful effort to
prevent foreclosure.

In her objection to the Claim, the trustee argues that the Claim
does not show that Sheikh was entitled to receive title to the Property
free and clear of all liens and encumbrances upon payment of $270,000.00
to the debtor.  The trustee argues that the terms of the Agreement
provided that the "land portion" of the Agreement designated a value of
$540,000.00 for the Property, as opposed to the Claim's assertion that it
was only $270,000.00, and because Sheikh paid only fifty percent of that
amount to the debtor, her receipt of a fifty percent interest in the
Property was exactly what she bargained for.  The trustee also argues
that the fact that the Property was encumbered by a deed of trust in
favor of Spartan around the time that the Agreement was executed is not
evidence of fraud on the part of the debtor because the Agreement is

- 4 -

ambiguous with respect to the nature of title and the percentage of the interest in the Property that was to be conveyed to Sheikh upon payment of her initial payment of $270,000.00, as the Agreement refers only to the conveyance of "fee title."

To support her arguments, the trustee submits the declaration of Bill George ("George"), who states that he represented the debtor in connection with the transaction contemplated by the Agreement, and that he discussed the Agreement with the debtor on many occasions. George states that based on his discussions with the debtor, the debtor did not own the Property at the time that the debtor began negotiating with Sheikh, and that it was not unusual for the debtor to purchase real property just before entering into a contract like the Agreement, using funds paid by the purchaser to pay off secured debt incurred in connection with acquiring the real property. He also states that the Agreement was the product of several months of negotiations between "Dr. Sheikh, her brokers, Bill Newland and Cylde Rawlings of Grubb & Ellis, and the debtor," and that an earlier version of the Agreement contemplated Sheikh paying a down payment for the Property and assuming the Spartan loan.  (Dkt. 525 at 2).  George also states that once a dispute arose between the debtor and Sheikh, a "number of options were offered to Dr. Sheikh."  (Dkt. 525 at 3).

In her opposition to the trustee's objection, Sheikh admits that on payment of $270,000.00 she was entitled to a fifty-percent interest in the Property, and that the fifty-percent interest she did receive upon payment of $270,000.00 was correct pursuant to the terms of the Agreement.  She states that her position taken in the Claim that she was entitled to conveyance of full title to the property on payment of $270,000.00 was the result of a misinterpretation of the Agreement by her

- 5 -

1  counsel.

2

3                              **ANALYSIS**

4

5       A properly completed and filed proof of claim is prima facie
6  evidence of the validity and amount of the claim.  Fed. R. Bankr. P.
7  3001(f).  However, when an objection is made and that objection is
8  supported by evidence sufficient to rebut the prima facie evidence of the
9  proof of claim, then the burden is on the claimant to prove the claim.
10 See Diamant v. Kasparian (In re S. Cal. Plastics, Inc.), 165 F.3d 1243,
11 1248 (9th Cir. BAP 1999).

12      In this case, the trustee has not submitted evidence sufficient to
13 rebut the prima facie validity of the Claim.  The trustee relies on the
14 declaration of George (the "George Decl.") to answer the Claim's
15 assertion of breach of contract and fraud damages.  The statements in the
16 George Decl. upon which the trustee relies, however, are not admissible.

17      Pursuant to Federal Rule of Evidence 601, every person is competent
18 to be a witness except as otherwise provided in the Federal Rules of
19 Evidence.  Fed. R. Evid. 602 imposes the basic requirement of personal
20 knowledge on every witness: "A witness may not testify to a matter unless
21 evidence is introduced sufficient to support a finding that the witness
22 has personal knowledge of the matter."  Evidence to prove personal
23 knowledge "may, but need not, consist the witness' own testimony."
24 Fed. R. Evid. 602.  The admissibility of witness testimony as evidence is
25 subject to the limitations of the hearsay rules of Article VIII of the
26 Federal Rules of Evidence.

27      The George Decl. does not establish George's personal knowledge of
28 the circumstances surrounding the debtor's purchase of the Property and

                              - 6 -

1  the debtor's conveyance of a deed of trust to Spartan; George merely
2  states that his knowledge is "based on discussions" he had with the
3  debtor.  Moreover, George's statements regarding the debtor's acquisition
4  of the Property and the Spartan loan are inadmissible because they are
5  based on what was told to him by the debtor and are hearsay.

6      Likewise, the George Decl. does not establish his personal knowledge
7  of the negotiations between the debtor and Sheikh, including his personal
8  knowledge of the fact that under an earlier version of the Agreement
9  Sheikh would have assumed the debtor's obligation to Spartan.  Despite
10 his statement that he represented the debtor in the transaction between
11 the debtor and Sheikh, he merely states that he discussed the Agreement
12 with the debtor.  Thus, George's statements regarding alleged
13 negotiations between the debtor and Sheikh are also based on inadmissible
14 hearsay.  Sheikh's objections to the statements contained in the George
15 Decl. and identified in Sheikh's evidentiary objection (Dkt. 532) are
16 therefore sustained.

17     Sheikh's objections to the George Decl. having been sustained, the
18 remaining evidence submitted by the trustee does not rebut the prima
19 facie validity of the Claim.  The trustee's remaining evidence consists
20 of the declaration of Keith Erlewine (the "Erlewine Decl.")(Dkt. 526),
21 and the declaration of the trustee herself (the "Smith Decl.")(Dkt. 527).
22 The Erlewine Decl. is submitted for the purpose of authenticating an
23 appraisal which Erlewine completed for the debtor and which valued the
24 Property at $580,000.00 as of June 16, 2004.  The Smith Decl. is
25 submitted for the purpose of authenticating a copy of the Claim and a
26 copy of the claim filed by Spartan in the bankruptcy case, and for the
27 purpose of stating that the trustee's attempts to negotiate a settlement
28 with Sheikh were not successful.  The foregoing evidence, however, is

insufficient to rebut the Claim's assertions that the debtor breached the

Agreement between the debtor and Sheikh, or the Claim's assertions of

fraud on the part of the debtor.

The court acknowledges that in her response to the objection Sheikh

has admitted that her counsel misinterpreted the Agreement in drafting

the Claim, and that her contention in the Claim that she was entitled to

conveyance of full title upon payment of the $270,000.00 "down payment"

is incorrect.  It remains, however, that the the Claim asserts other

breaches of Agreement.  The Agreement does not provide that title in the

Property would be conveyed to Sheikh subject to any existing deeds of

trust or indebtedness, yet that is what the Claim asserts that the debtor

did.  The Agreement provides for use of an escrow in connection with the

transaction, yet the Claim asserts that the debtor did not use an escrow.

The trustee has submitted no admissible evidence that rebuts the

foregoing.

Nor has the trustee submitted admissible evidence to rebut Sheikh's

fraud claim.  As discussed above, the George Decl. is inadmissible for

its statements that are intended to support the trustee's contention that

the debtor did not misrepresent the transaction to Sheikh or that Sheikh

"got what she bargained for."

Nothing in this ruling, however, shall be construed as a

determination of the dischargeability of Sheikh's claim.

The court will issue a separate order consistent with the foregoing

decision.

DATE:  SEP 2 9 2011

Thomas C. Holman,
United States Bankruptcy Judge

- 8 -

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

### CERTIFICATE OF SERVICE

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was served by mail to the following entities listed at the address(es) shown below.

Office of the US Trustee
501 I St, Ste 7-500
Sacramento, CA 95814

Aaron Avery
2150 River Plaza Dr #450
Sacramento, CA 95833

Kenrick Young

1930 Del Paso Rd, Suite 121

Sacramento, CA 95834

Bruce Seymour
2625 Fair Oaks Blvd #1
Sacramento, CA 95864

Susan Smith
7485 Rush River Dr #710-PMB 218
Sacramento, CA 95831

**DATED:** 9/30/2011

**By:** _Elizabeth Argento_
**Deputy Clerk**

**LARS**